UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOSHA RENE MILLER, Personal Representative
of the Estate of DAUNTE MILLER,

        Plaintiff,                              Case number 05-70391
                                                      Honorable Julian Abele Cook, Jr.

v.

THE CITY OF COLUMBUS, ET AL.,

        Defendants.

_____

ORDER

On February 5, 2005, the Plaintiff, Tosha Rene Miller ("Miller"), acting as the Personal Representative of the Estate of Daunte Miller, filed a Complaint with this Court, in which she accused the City of Columbus, Ohio and some of its law enforcement officers (collectively, "the Defendants") with fatally injuring her son, Daunte Miller, on August 6, 2003 in violation of his constitutional rights.

On March 21, 2005, this Court ordered Miller to show cause in writing why this case should not be transferred to the United States District Court for the Southern District of Ohio, after noting that all of the (1) underlying events in her pleadings appear to have occurred in Columbus, Ohio, and (2) Defendants were residents of Ohio. On April 4, 2005, Miller submitted a written response in which she set forth her reasons why this case should remain in the Eastern District of Michigan.

I.

This Court has federal question and diversity jurisdiction over Miller's claims. The federal statute which addresses the issue of venue, 28 U.S.C. § 1391(b), provides that

A civil action wherein jurisdiction is not founded solely on diversity of citizenship

> may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In order to demonstrate that the Eastern District of Michigan is the "judicial district in which a substantial part of the events or omissions [gave] rise to her claim occurred," Miller must make the requisite showing that this district represents a forum "with a substantial connection to [her] claim." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). Here, the only basis for Miller's assertion that the Eastern District of Michigan is the proper venue for her claims is that "the damages, expenses and effects resulting from [Daunte Miller's] wrongful death are suffered here, by the decedents [sic] mother and family." Pl.'s Resp. to Show Cause Order at 2.

Based upon a review of the record and the relevant case law, this Court concludes that Miller has failed to demonstrate that the Eastern District of Michigan has a substantial connection to her claim.

Miller fails to cite to any case law which explicitly authorizes a judicial district to be the appropriate venue for a 42 U.S.C. § 1983 action when the only connection to that district is the damages suffered by the plaintiff. Even the case which was cited by Miller, *BlueCross BlueShield of Tenn., Inc. v. Griffin, et al.*, 2004 U.S. Dist. Lexis (E.D. Tenn. Jan. 6, 2004), ultimately supports the Defendants' contention that the Southern District of Ohio is the most appropriate venue for this action. In *Griffin*, BlueCross BlueShield of Tennessee ("BlueCross"), filed a claim in an effort to obtain a reimbursement of those funds that had been improperly paid to its insured, Crystal Griffin, and her attorney, Stewart Wheeler. BlueCross argued that Griffin and Wheeler, in receiving these funds in connection with a settlement following an automobile accident, triggered a clause in its

health insurance plan which provided the legal basis for its request for reimbursement. Wheeler subsequently filed a motion to dismiss, contending that venue was improper because he did not have any contacts with the State of Tennessee. The court rejected his argument and focused on the damages that had been allegedly suffered by BlueCross due to the repudiation of its insurance agreement. In its written opinion, the court declared that "any damages created by the failure to reimburse were experienced in Tennessee and payments for defendant Griffin's medical expenses were made from Tennessee." *Id.* at *10. Even though there were no other contacts between Wheeler and the State of Tennessee, the Court determined that Tennessee was a proper venue. *Id.*

Although *Griffin* arguably supports Miller's view that her damages, along with ¬the expenses of the Daunte Miller Estate, is sufficient for venue, the *Griffin* court also addressed the question of whether venue should be transferred to the Western District of Kentucky. The Court noted, "[b]ecause the location of the accident, the settlement, the subsequent medical services, and the residence of both defendants is Kentucky, it appears that nearly all the witnesses and relevant to this case will be found in Kentucky." *Id*. at *12. Although the Eastern District of Tennessee, as the location where the alleged damages occurred and from which the claims were paid, was an appropriate venue, the *Griffin* court nevertheless transferred the case to the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a).

This statute provides that "**[f]or** the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district or division where it might have been brought." Contrary to Miller's position on this issue, the analysis in *Griffin* supports the Defendants' view that the Southern District of Ohio is the more appropriate venue for this case for several reasons: (1) the death of her son occurred in Columbus, Ohio, (2) all of the Defendants are

3

residents of Ohio, (3) most of the potential witnesses reside in Ohio, and (4) the documentary evidence that will be offered in support of or in opposition to Miller's claim will most likely be found in Ohio. Thus, it is clear that practical considerations favor the Southern District of Ohio as the most appropriate forum for this action.

Miller has failed to show cause why this case should not be transferred to the Southern District of Ohio. This Court, after assessing (1) the interests of justice and (2) the convenience of the parties and witnesses, rejects Miller's arguments and directs the Clerk of this Court to transfer the official files in this case to the United States District Court for the Southern District of Ohio for such action as it may deem to be appropriate.

IT IS SO ORDERED.

DATED:    April 26, 2005                              s/ Julian Abele Cook, Jr.
          Detroit, Michigan                           JULIAN ABELE COOK, JR.
                                                      United States District Judge


Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on April 26, 2005.

                                                      s/ Kay Alford
                                                      Courtroom Deputy Clerk